1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   ANURASHIKA JEET and VIMAL              No. 2:16-cv-02474-KJM-CKD
     SINGH,

11
                  Plaintiffs,
12                                          ORDER

13        v.

14   MICHELLE HENDERSON,

15                Defendant.

16        Defendant Michelle Henderson ("defendant") removed this unlawful detainer

17   action from Sacramento County Superior Court on October 17, 2017.  ECF No. 1.  She also

18   moves to proceed *in forma pauperis* (IFP).  ECF No. 2.  As explained below, the court remands

19   this case to the Sacramento County Superior Court for lack of subject matter jurisdiction and

20   denies defendant's IFP request as moot.

21        Removal to federal court is proper where the federal court would have original

22   subject-matter jurisdiction over the complaint.  28 U.S.C. § 1441.  A federal court has "federal

23   question" subject-matter jurisdiction where the complaint is predicated on a claim or right arising

24   under the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A federal court

25   has "diversity" jurisdiction where the controversy is between citizens of two different states and

26   the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

27   To properly invoke federal jurisdiction on either of these two grounds, the basis for federal

28   jurisdiction must be ascertainable from the face of the complaint, and cannot derive from an

1

1    anticipated defense in the case. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152

2    (1908).

3              If a case is improperly removed from state to federal court, the federal court has an

4    independent responsibility to remand that case back to state court.  This responsibility derives

5    from the mandate in 28 U.S.C. § 1447(c) to remand a case "[i]f at any time before final judgment

6    it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

7    Moreover, it is the district court's "duty to establish subject matter jurisdiction over [a] removed

8    action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v.*

9    *Waddell & Reed, Inc*., 360 F.3d 960, 967 (9th Cir. 2004) (using "establish" as a synonym for

10   "determine").  Courts construe removal statutes strictly against removal and place the burden on a

11   defendant to demonstrate that removal is proper. *Moore–Thomas v. Alaska Airlines, Inc.*, 553

12   F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

13   ("The 'strong presumption' against removal means that the defendant always has the burden of

14   establishing that removal is proper.")).

15             Here, defendant states in her notice of removal that this court has subject matter

16   jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and § 1441(a).  Notice

17   Removal 2, ECF No. 1.  The duty thus lies with the court to determine if federal jurisdiction does

18   in fact adhere.  28 U.S.C. § 1447(c).  Defendant asserts that "the complaint presents federal

19   questions," and cites the Protecting Tenants at Foreclosure Act (PTFA), 12 U.S.C. § 5220, as a

20   basis for this assertion.  Notice Removal 2.  However, plaintiff does not mention the PTFA

21   anywhere in the complaint. *See* Compl., ECF No. 1 at 5-9.  In addition, defendant has not

22   asserted that the occupied property is subject to foreclosure, or has been foreclosed on.  As such,

23   nothing in the complaint indicates that this controversy falls within the subject matter of the

24   PFTA.  PTFA § 702(a) ("In the case of any foreclosure on a federally-related mortgage loan or on

25   any dwelling or residential real property . . . .").  Moreover, the PTFA does not create a private

26   right of action to enforce its obligations, *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163 (9th Cir.

27   2013), and instead "was intended to provide a defense in state eviction proceedings rather than a

28   basis for offensive suits in federal court." *Id.* at 1173.  As noted, removal cannot be based only

1    on a defense that raises a federal question.  *Vaden v. Discover Bank*, 556 U.S. 49, 54 (2009)

2    ("federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim");

3    *Nationstar, LLC v. Graves*, No. 1:12-CV-02018-AWI, 2012 WL 6720368, at *2 (E.D. Cal. Dec.

4    26, 2012) (citations omitted) (remanding unlawful detainer action *sua sponte*).  Because the

5    PTFA cannot serve as a hook for federal jurisdiction in this case, defendant fails to establish a

6    basis for federal question jurisdiction.

7            Although defendant does not invoke 28 U.S.C. § 1332 (diversity jurisdiction)

8    directly, she cites 28 U.S.C. § 1441(b) ("removal based on diversity jurisdiction") as a potential

9    basis for federal jurisdiction.  Notice Removal 2, ECF No. 1.  Here, the amount in controversy is

10   less than $10,000, Notice Removal Ex. A, ECF No. 1, and therefore falls short of the federal

11   minimum requirement of $75,000.  In addition, the parties are both citizens of the same state,

12   Notice Removal Ex. 3, ECF No. 1, and thus are not diverse.  For these reasons, defendant fails to

13   establish a basis for diversity jurisdiction.

14           The court finds that defendant has not shown any proper basis for removal.  Thus,

15   the court lacks subject matter jurisdiction, the case shall be remanded and defendant's motion for

16   *in forma pauperis* status is moot.

17           Based on the foregoing, it is HEREBY ORDERED that:

18           1. This action is REMANDED to Sacramento County Superior Court.

19           2. The motion for *in forma pauperis* status is DENIED as moot.

20   DATED:  November 1, 2016.

21

22   _____

23   UNITED STATES DISTRICT JUDGE

24

25

26

27

28